UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | |
|---|---|
| GARLAND MORGAN; ET AL.; § | |
| Individually and On Behalf of § | |
| All Others Similarly Situated, § | |
|     Plaintiffs, § | |
| § | CIVIL ACTION NO. 7:15-cv-00073-DAE |
| vs. § | |
| § | |
| RIG POWER, INC.; ET AL., § | |
|     Defendants. § | |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR EXTENSION OF TIME IN WHICH TO FILE A RESPONSE TO PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION AND NOTICE TO POTENTIAL OPT-IN PLAINTIFFS**

Plaintiffs file this response to Defendants' Motion for Extension of Time in Which to File a Response to Plaintiff's Motion for Conditional Certification and Notice to Potential Opt-In Plaintiffs (the "Certification Motion") as follows:

### I. FACTUAL AND PROCEDURAL HISTORY

Plaintiffs filed this collective action under the FLSA against Defendants Rig Power, Inc. and M3P Energy, LLC on May 22, 2015. Plaintiffs allege that while employed as Field Technicians for Rig Power they regularly worked more than 40 hours a week, but instead of being paid overtime rates they were paid a fixed salary and a small "daily bonus" (usually around $34) for each day they worked more than a certain number of hours per day.

Defendants filed a Motion to Dismiss under Rule 12 on July 23, 2015, and Plaintiffs responded on August 12. On August 28, Plaintiffs filed their Motion for Conditional Certification and Notice to Potential Opt-In Plaintiffs. On September 10, Defendants filed their requested extension to respond to the Conditional Certification Motion.

## II. ARGUMENTS AND AUTHORITIES

Defendants request that the Court stay their deadline to respond to Plaintiffs' Conditional Certification Motion, and only require them to respond to the motion within 30 days after the date this Court rules on Defendants' Motion to Dismiss. This request would have the effect of prejudicing the rights of the members of the proposed FLSA collective action that have not yet received notice of the case or had the opportunity to join it.

The statute of limitations on FLSA claims is generally two years. 29 U.S.C. § 255(a). However, the statute provides a three-year limitations period for willful violations. *Id*. The statute of limitations continues to run as to all similarly situated employees until they opt into the collective action. *Hayes v. Laroy Thomas, Inc.*, 2006 WL 1004991, *7 (E.D. Tex. 2006). As such, for the Field Technicians that have left Rig Power (and thus are no longer continuing to accrue potential unpaid overtime), each day that goes by without them filing individual notices of consent constitutes a day that they have lost in terms of potentially recovering their back overtime pay and liquidated damages, because the two- or three-year FLSA limitations period is continuing to run for them. And Defendants' 30-day extension of its deadline to file its initial pleading (which Plaintiffs' counsel agreed to), coupled with the pending Motion to Dismiss, has already delayed these proceedings. Time is of the essence for the members of the proposed class to receive notice of the lawsuit so they can opt in to the case if they desire to do so. Plaintiffs cannot agree to a proposed extension of Defendants' response deadline, as this would necessarily prejudice the rights and potential recovery of the class members. In an effort to resolve this issue, Plaintiffs proposed tolling the statute of limitations for the potential members of the proposed class in exchange for an agreement on the requested extension, but Defendants would

not agree to toll the limitations period. Plaintiffs respectfully request that the Court deny the requested extension so that the Conditional Certification Motion can be ruled on as soon as practicable so that the rights of the potential class members are protected.

Alternatively, if Defendants are given an extension, it should not be for the length of time they are seeking, which far exceeds the time for responding to nondispositive motions under the local rules. Under Local Rule 7e, "a response to a nondispositive motion shall be filed not later than 7 days after the filing of the motion." Defendants ask not only for a stay of their response deadline until after a ruling on the Motion to Dismiss but also an additional *30 days* thereafter. Plaintiffs respectfully request that if the Court is inclined to extend Defendants' response deadline, it should be extended to 7 days after a ruling on the Motion to Dismiss, as this is the timeframe contemplated by the Local Rules.

### III. PRAYER

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendants' Motion for Extension of their deadline to respond to Plaintiff's Certification Motion or, if granted, only allow Defendants' 7 days from the date of the denial of the Motion to Dismiss to file a response to the Certification Motion.

Respectfully submitted,

/s/ Josh Borsellino
Josh Borsellino
State Bar No. 24045532
Borsellino, P.C.
1020 Macon St., Ste. 15
Fort Worth, Texas 76102
T: 817.908.9861
F: 817.394.2412
josh@dfwcounsel.com

**CERTIFICATE OF SERVICE**

I hereby certify that I served a copy of the foregoing on all counsel of record through the ECF filing system of the Western District of Texas on September 12, 2015.

/s/Josh Borsellino