UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| GARLAND MORGAN, RUBEN RAMIREZ, JORGE PINEDO, DAVID DURON, and ALFELIO MARTINEZ, on behalf of themselves and all others similarly situated, | § § § § § § | CV No. 7:15-CV-73-DAE |
| Plaintiffs, | § § | |
| vs. | § § | |
| RIG POWER, INC. and M3P ENERGY, LLC, | § § § § | |
| Defendants. | § | |

ORDER DENYING DEFENDANTS' MOTION TO DISMISS AND DENYING
PLAINTIFFS' MOTION FOR EQUITABLE TOLLING

Before the Court is a Motion to Dismiss filed by Defendants Rig Power, Inc. ("Rig Power") and M3P Energy, LLC ("M3P") (Dkt. # 12.)  Also before the Court is a Motion for Equitable Tolling filed by Plaintiffs Garland Morgan, Ruben Ramirez, Jorge Pinedo, David Duron, and Alfelio Martinez, on behalf of themselves and all others similarly situated (collectively, "Plaintiffs") (Dkt. # 19).  Pursuant to Local Rule CV-7(h), the Court finds this matter suitable for disposition without a hearing.  After careful consideration of the Motions and the supporting and opposing memoranda, the Court, for the reasons that follow,

1

**DENIES** Defendants' Motion to Dismiss and **DENIES** Plaintiffs' Motion for Equitable Tolling.

## BACKGROUND

Rig Power is a Texas corporation that provides rental equipment and services to companies in the oil and gas industry. ("Compl.," Dkt. # 1 ¶¶ 6, 15.) M3P is Rig Power's parent company. (Id. ¶ 11.) Plaintiffs were employed by Rig Power and M3P (collectively, "Defendants") as field technicians responsible for performing manual labor related to the transportation, operation, and maintenance of oilfield equipment. (Id. ¶ 16.)

Plaintiffs allege that they routinely worked more than 40 hours per week and that Defendants failed to compensate them at the required overtime rate for such work. (Id.) Plaintiffs specifically allege that Rig Power paid a fixed amount for each day an employee worked more than eight hours, regardless of how many hours above eight the employee worked on those days or how many hours above 40 the employee worked in a given week. (Id.) Plaintiffs further allege that Rig Power subsequently stopped paying this "daily bonus" due to the downturn in the oil and gas industry, resulting in Plaintiffs being paid no compensation of any kind for hours worked above 40 in a given week. (Id. ¶ 17.) Plaintiffs further allege that similarly situated field technicians were also not paid overtime for hours worked in excess of 40 hours per week. (Id. ¶¶ 21–22.)

On May 22, 2015, Plaintiffs filed a Complaint in this Court on behalf of themselves and all others similarly situated alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq ("FLSA"). (Dkt. # 1.) Plaintiffs seek unpaid overtime wages, liquidated damages, costs, and attorneys' fees. (Id. at 9.)

Defendants filed the Motion to Dismiss currently before the Court on July 23, 2015. (Dkt. # 12.) Plaintiff filed a Response on August 12, 2015. (Dkt. # 14.) On August 28, 2015, Plaintiff filed a Motion for Conditional Certification and Notice to Potential Opt-In Plaintiffs. (Dkt. # 16.) On September 14, 2015, the Court granted Defendants' request to allow them to wait to respond to Plaintiff's Motion for Conditional Certification until after resolution of their Motion to Dismiss. On October 19, 2015, Plaintiff filed the instant Motion for Equitable Tolling requesting that the Court equitably toll the statute of limitations to protect the rights of potential class members who have yet to receive notice of this action due to the delay in conditionally certifying the class. (Dkt. # 19.)

## LEGAL STANDARDS

I.   Motion to Dismiss for Lack of Subject Matter Jurisdiction

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss a complaint for lack of subject-matter jurisdiction. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." Home Builders Ass'n of

Miss., Inc. v. City of Madison, 143 F.3d 1006, 1010 (5th Cir. 1998).  The plaintiff, as the party asserting jurisdiction, bears the burden of proving that subject matter jurisdiction exists.  Choice Inc. of Tex. v. Greenstein, 691 F.3d 710, 714 (5th Cir. 2012).

If the defendant submits no evidentiary materials with its 12(b)(1) motion, the trial court looks to the sufficiency of the allegations in the complaint, which are assumed to be true.  Paterson v. Weinberger, 644 F.2d 521, 523 (5th Cir. 1981); see also Superior MRI Servs., Inc. v. Alliance Healthcare Servs., Inc., 778 F.3d 502, 504 (5th Cir. 2015) (distinguishing a "facial" attack on a court's subject matter jurisdiction from a "factual" attack made on the basis of affidavits or other evidentiary materials).  If the defendant submits affidavits, testimony, or other evidentiary materials, the court may consider and resolve disputes of fact, and the plaintiff must prove the existence of subject matter jurisdiction by a preponderance of the evidence.  Superior MRI, 778 F.3d at 504; Greenstein, 691 F.3d at 714.

II.     Motion to Dismiss for Failure to State a Claim

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted."  In analyzing a motion to dismiss for failure to state a claim, the court "accept[s] 'all well pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"  United States ex rel. Vavra v. Kellogg Brown & Root, Inc., 727 F.3d

343, 346 (5th Cir. 2013) (quoting In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007)). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

## DISCUSSION

Defendants have moved to dismiss Plaintiffs' claims for lack of subject matter jurisdiction under Rule 12(b)(1) and for failure to state a claim under Rule 12(b)(6). Defendants argue that Plaintiffs are exempt from the overtime requirements of the FLSA under the Motor Carrier Act ("MCA") exemption codified in 29 U.S.C. § 213(b)(1), and that the Court therefore lacks subject matter jurisdiction over Plaintiffs' claims. M3P further argues that it is entitled to dismissal of Plaintiffs' claims because it was not Plaintiffs' employer. In support of their Motion, Defendants have submitted the affidavits of Andy Salinas, Rig Power's Regional Manager, and Virginia Montanez, the Human Resources Manager for both Rig Power and M3P, as well as a FLSA Narrative Report issued by the U.S. Department of Labor.

I. Motion to Dismiss for Lack of Subject Matter Jurisdiction

Because Defendants seek dismissal on the basis of both a lack of subject matter jurisdiction and for failure to state a claim, the Court must first consider the Rule 12(b)(1) jurisdictional attack. Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001). Defendants argue that the Court lacks subject matter jurisdiction because Plaintiffs are exempted from the FLSA's overtime requirements under 29 U.S.C. § 213(b)(1). Under that provision, the FLSA's overtime requirements do not apply to "any employee with respect to whom the Secretary of Transportation has power to establish qualifications and maximum hours of service pursuant to the provisions of section 31502 of title 49." § 213(b)(1). Section 31502 provides that the Department of Transportation ("DOT") "may prescribe requirements for . . . qualifications and maximum hours of service of employees of, and standards of equipment of, a motor private carrier, when needed to promote safety of operation. 49 U.S.C. § 31502(b)(2). The DOT may establish such requirements for employees who

> (1) are employed by carriers whose transportation of passengers or property by motor vehicle is subject to his jurisdiction under section 204 of the [MCA] . . . and (2) engage in activities of a character directly affecting the safety of operation of motor vehicles in the transportation on the public highways of passengers or property in interstate or foreign commerce within the meaning of the [MCA].

29 C.F.R. § 782.2(a).

"When Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character." Arbaugh v. Y & H Corp., 546 U.S. 500, 516 (2006). Nothing in § 213 suggests that district courts are deprived of subject matter jurisdiction to hear claims implicating the exemptions provided for under that provision. Whether Plaintiffs are subject to the MCA exemption is therefore not a jurisdictional question, but rather one that goes to the merits of the case, and may be appropriately addressed at the merits stage. McLeland v. 1845 Oil Field Servs., — F. Supp. 3d —, 2015 WL 1206938, at *3 (W.D. Tex. 2015); Hopkins v. Cornerstone Am., 412 F. Supp. 2d 672, 681 (N.D. Tex. 2007). Because Plaintiffs' claims are brought pursuant to the private right of action provided for under 29 U.S.C. § 216(b), they arise under the laws of the United States, and the Court has subject matter jurisdiction under 28 U.S.C. § 1331. The Court therefore **DENIES** Defendants' Motion to Dismiss for lack of subject matter jurisdiction.

II.     Motion to Dismiss for Failure to State a Claim

Defendants have also moved to dismiss for failure to state a claim under Rule 12(b)(6). On a motion to dismiss for failure to state a claim, a district court's review is limited to the complaint, documents incorporated into the complaint by reference that are central to the plaintiff's claims, and matters of which a court may take judicial notice. Funk v. Stryker Corp., 631 F.3d 777, 783

(5th Cir. 2011). The evidence submitted by Defendants is neither incorporated into Plaintiffs' Complaint nor properly subject to judicial notice, and is thus not properly considered on a 12(b)(6) motion. Defendants have not moved for summary judgment, and given the early stage of this action and the fact that no discovery has been conducted, the Court declines to convert their 12(b)(6) motion into one for summary judgment under Rule 56.

Defendants' 12(b)(6) motion is based on their argument that Plaintiffs are covered by the MCA exemption and M3P's assertion that it was not Plaintiffs' employer. Both of these claims are fact-based assertions that go to the merits of Plaintiffs' claims and require factual determinations not appropriate on a motion to dismiss. As noted above, the Court's inquiry on a 12(b)(6) motion is limited to whether Plaintiffs have alleged "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Plaintiffs have done so here.

The overtime provision of the FLSA provides:

> Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1). Any employer who violates this provision "shall be liable to the employee or employees affected in the amount of their unpaid . . . overtime

compensation . . . and in an additional equal amount as liquidated damages." Id. § 216.  In cases where there may be more than one employer, courts apply the "economic reality" test, under which they consider whether the employer "(1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." Gray v. Powers, 673 F.3d 352, 355 (5th Cir. 2012).

Plaintiffs allege that Defendants acted "as an employer or joint employer with respect to Plaintiffs and others similarly situated."  (Compl. ¶ 11.)  Plaintiffs specifically allege that they were formally employed by and received paychecks from Rig Power.  (Id.)  Plaintiffs further allege that M3P is Rig Power's parent company, and that M3P makes all decisions related to Rig Power's compensation policies and the work performed, hours worked, and locations worked by Rig Power's employees.[1]  (Id.)  These factual allegations are sufficient to plausibly assert that Plaintiffs were employed by Rig Power and by M3P as a joint employer.

---

[1] Plaintiffs also allege that "Rig Power also possesses and/or maintains the employment records of Rig Power and has the power to hire and fire employees at Rig Power." (Compl. ¶ 11.)  The Court believes Plaintiffs intended to allege that M3P has such powers with regard to Rig Power employees.  While this allegation is not, as drafted, asserted against M3P, Plaintiffs have pleaded sufficient other facts to plausibly allege that M3P was a joint employer of Plaintiffs.

Plaintiffs further allege that they were engaged in commerce as employees for Defendants, that Defendants have operated an enterprise engaged in commerce, and that Rig Power has field offices in Texas, Oklahoma, New Mexico, Ohio, and Pennsylvania. (Id. ¶¶ 13–15.) These allegations are sufficient to plausibly allege that Defendants are employers covered under the FLSA. Finally, Plaintiffs allege that Defendants had a policy of paying field technicians a fixed amount for hours worked in excess of eight hours per day, and that Plaintiffs as a result were not compensated at the required rate of one-and-a-half times their regular rate of pay for hours worked in excess of 40 hours per week. (Id. ¶ 16.) Plaintiffs allege that Rig Power recently stopped paying this fixed amount, and that they subsequently received no overtime compensation at all. (Id. ¶ 17.) These factual allegations are sufficient to plausibly allege that Defendants have failed to pay overtime in violation of § 207(a) and are liable to Plaintiffs for damages under § 213(b).

Plaintiffs have thus pleaded sufficient factual material to state a plausible claim for relief under the FLSA. Accordingly, the Court **DENIES** Defendants' motion to dismiss for failure to state a claim.

III.    Plaintiffs' Motion for Equitable Tolling

Plaintiffs have requested that the Court equitably toll the statute of limitations for potential opt-in plaintiffs. In a collective action under the FLSA,

the limitations period for opt-in plaintiffs runs from the date on which written consent to join the suit is filed with the court. 29 U.S.C. § 256; Sandoz v. Cingular Wireless LLC, 553 F.3d 913, 916–17 (5th Cir. 2008). Because the conditional certification of the class, and the sending of notice to potential opt-in plaintiffs that would accompany such certification, has been delayed by the need to first decide Defendants' Motion to Dismiss, Plaintiffs request that the Court equitably toll the statute of limitations so that potential plaintiffs who have not yet received notice of the suit will not be prejudiced. Plaintiffs specifically ask that the statute of limitations be tolled for all opt-in plaintiffs from the date Plaintiffs filed their Motion for Conditional Certification until the Court rules on the Motion for Conditional Certification.

    The Fifth Circuit has adopted a strict view of the FLSA's limitations provision. McKnight v. D. Houston, Inc., 756 F. Supp. 2d 794, 808 (S.D. Tex. 2010) (citing Atkins v. General Motors Corp., 701 F.2d 1124, 1130 n.5 (5th Cir. 1983)). "Equitable tolling applies only in rare and exceptional circumstances." Teemac v. Henderson, 298 F.3d 452, 457 (5th Cir. 2002). "Equitable tolling is appropriate when, despite all due diligence, a plaintiff is unable to discover essential information bearing on the existence of his claim." Pacheco v. Rice, 966, F.2d 904, 906–07 (5th Cir. 1992). "Courts grant requests for equitable tolling most frequently where the plaintiff is actively misled by the defendant about the cause of

action or is prevented in some extraordinary way from asserting his rights." Teemac, 298 F.3d at 457.

Plaintiffs have not carried their burden of showing the extraordinary circumstances required to justify equitable tolling here. The necessity of deciding a motion to dismiss prior to determining whether conditional certification is appropriate cannot be said to be "extraordinary" in the course of FLSA litigation. Plaintiffs have cited no published case from within the Fifth Circuit that has equitably tolled the statute of limitations under these circumstances. In Shidler v. Alarm Security Group, LLC, the district court granted a motion for equitable tolling where the court had sua sponte required further briefing regarding the membership of the defendant company to confirm that subject matter jurisdiction was present and the parties did not contest conditional certification. 919 F. Supp. 2d 827, 831 (S.D. Tex. 2012). The court specifically distinguished several cases that refused to grant equitable tolling on the basis that the parties in the "inapposite" cases disputed conditional certification. Id. at 830. This Court is not convinced that the circumstances of Shidler were truly "extraordinary" under Fifth Circuit precedent, and the case is distinguishable given that Defendants here have indicated their intent to dispute certification of the class. The Court is further unpersuaded by Plaintiffs' citations to a district court's oral order and a magistrate judge's unpublished order out of the Southern District of Texas, neither of which

appear to have considered the Fifth Circuit's strict view of the FLSA statute of limitations and its requirement that "rare and exceptional circumstances" be present to justify equitable tolling.

Courts in the Fifth Circuit have denied motions for equitable tolling where the only basis for such tolling was a delay in deciding a motion for conditional certification.  See, e.g., Pacheco v. Aldeeb, No. 5:14-CV-121, 2015 WL 1509570, at *9 (W.D. Tex. Mar. 31, 2015) (denying request for equitable tolling where the court had required limited discovery regarding the issue of certification and where plaintiffs argued that defendants' opposition to conditional certification was groundless); Mejia v. Brothers Petroleum, LLC, No. 12-2842, 2014 WL 3853580, at *2 (E.D. La. Aug. 4, 2014) (rejecting equitable tolling where the court took five months to decide a motion for conditional certification); Muhammad v. GBJ, Inc., No. H-10-2816, 2011 WL 863785, at *2 (S.D. Tex. Mar. 9, 2011) (denying motion for equitable tolling where only justification was the need for limited discovery to determine whether certification was appropriate). The Court here finds no extraordinary circumstances that would justify equitable tolling of the statute of limitations here, and accordingly **DENIES** Plaintiffs' Motion for Equitable Tolling (Dkt. # 19.)

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendants' Motion to Dismiss (Dkt. # 12) and **DENIES** Plaintiffs' Motion for Equitable Tolling (Dkt. # 19). Pursuant to the Court's previous Order Granting in Part Defendants' Motion for Extension of Time to File a Response, Defendants shall have seven days from the date of this Order to file a response to Plaintiffs' Motion for Conditional Certification.

**IT IS SO ORDERED.**

**DATED:** San Antonio, Texas, October 27, 2015.

_____
David Alan Ezra
Senior United States Distict Judge