UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | |
|---|---|
| GARLAND MORGAN; ET AL; §<br>Individually and On Behalf of §<br>All Others Similarly Situated, §<br>    Plaintiffs, §<br>  §<br>vs. §<br>  §<br>RIG POWER INC.; ET AL., §<br>    Defendants. § | Civil Action No. 7:15-cv-00073-DAE |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION
FOR CERTIFICATION AS COLLECTIVE
AND JUDICIALLY SUPERVISED NOTICE TO
CLASS MEMBERS PURSUANT TO 29 U.S.C. §216(b)**

Defendants Rig Power, Inc., et al ("Rig Power") now respond to Plaintiffs' Motion for Certification as Collective and Judicially Supervised Notice to Class Members Pursuant to 29 U.S.C. §216(b). In support thereof, Rig Power files this Response:

**I.
The Court Should Not Authorize Notice in the Form Proposed by the Plaintiffs.**

1.    Plaintiffs' motion should be denied as set out in Paragraph II below. But if it is granted in any respect, notice should not be issued in the form the Plaintiffs propose.

2.    The Plaintiffs propose that the Court authorize Plaintiffs' counsel to send notice and consent forms to potential opt-ins who worked at Rig Power "at any time during the three year period preceding the filing of Plaintiffs' Original Complaint." The time period

1

is wrong as a matter of law. In *Tolentino v. C & J Spec-Rent Services, Inc.*, 716 F. Supp.2d at 642 at 654 (S.D. Tex. 2010)(notice period is three years from Court's approval of notice because limitations are not tolled with respect to potential plaintiffs unless and until they opt in to the case); *Quintanilla v. A&R Demolitina, Inc.,* 2005 WL 2095104, * 16 (S.D. Tex., August 30, 2005) (same). This court has recently ruled that there has been no tolling and thus the date Plaintiffs suggest is improper.

   3. Rig Power objects to the demand for email addresses. Historically, first class mail has been used because it provides a controlled method by which individual notification can be provided through a reliable process ensuring that proper notice is received by potential class members. *Karvaly v. eBay, Inc.,* 245 F.R.D. 71, 91 (E.D.N.Y. 2007); *Reab v. Electronic Arts, Ind.,* 214 F.R.D. 623, 630 (D. Colo. 2002). In both *Karvaly* and *Reab,* the district courts expressed concern that email notification could create risks of distortion or misleading notification through modification or the addition of commentary. *Reab* noted the potential that the ease of duplication and re-circulation email affords could even compromise the integrity of the notice process, particularly by emails being forwarded to non-class members and/or posted to internet sites. *Reab, 214* F.R.D. at 630-31. Many other courts have agreed. *Hintergerger v. Catholic Health System, 2009* WL 3464134, *13 (W.D.N.Y., October *21, 2009); Kuznyetsov v. West Penn Allegheny Health System, Inc., 2009* WL 1515175, *6 (W.D. Pa., June 1, *2009); Gordon v. Kaleida Health, 2009* WL 3334787, *11 (W.D.N.Y., October 14, 2009). The "Plaintiffs have not provided any reason

why first-class mail would be inadequate in this case. Therefore, notification [should] be limited to first-class mail only." *Kuznyetsov,* 2009 WL 1515175, *6.

4. Rig Power objects to the proposed notice's description of the lawsuit. The Notice should include this description as follows:

> The Defendant disputes the Plaintiffs' contentions and asserts that all field technicians were properly and fairly paid in accordance with the Motor Carrier Act and/or the FLSA or other applicable law and that the allegations in the lawsuit are without merit.

5. The proposed notice improperly instructs recipients to fill out the consent form and mail it back to Plaintiffs' counsel, and implies that they become clients of those attorneys bound by a representation agreement with unspecified terms. In *Tolentino,* 716 F. Supp.2d at 655 (S.D. Tex. 2010), plaintiffs' counsel wanted the notice to require that opt-in forms be submitted to counsel and counsel be designated to represent the opt-ins. Sustaining the defendant's objections, the Court said, "class members who wish to opt-in must return their opt-in forms directly to the Court, not to counsel for Plaintiff." *Id.* Accordingly, the proposed notice should be revised to state that notices should be sent to the Court and/or that they may contact an attorney of their own choosing to discuss the case and not direct members to contact the Plaintiff's counsel.

6. The Plaintiff has requested that the data file containing the names, all addresses, all email addresses and telephone numbers of potential opt-in Plaintiffs", who worked for Rig Power for the three years preceding this suit's filing be produced within seven days of the Court's order. At most, the Rig Power should only be required to disclose

names, mailing address and, solely to facilitate reverse directory checks on outdated addresses, telephone numbers. *Kuznyetsov,* 2009 WL 1515175, *6. As in *Kuznyetsov,* Plaintiffs' counsel should be expressly barred from using disclosed telephone numbers for any other purpose (such as notifying individuals to opt-in), and they should cease and desist from any form of notification not approved by the Court. *Id.* Plaintiffs demand that Rig Power compile whatever information is to be produced within seven days of the Court's order is too soon. A party is entitled to thirty days to provide information through interrogatories. It is unreasonable to demand that the Rig Power would only have seven days to compile information and Rig Power asks for thirty days.

7. Additionally, Plaintiffs have wrongfully stated that any parties who may have previously released Rig Power can still join the suit despite any release implying that any such documentation is invalid.

## II.
## Plaintiffs Have Not Met Their Burden of Proof Under the *Lusardi* Standard.

8. No notice of any kind, however, is needed since the Plaintiffs have not met their burden.

9. Rig Power recognizes that Court generally apply the oft-cited *Lusardi* standard when determining whether to conditionally certify a collective action. *Mooney v. Aramco Services Co.*, 54 F.3d 1207, 1213 (5th Cir. 1995). The Western District Courts typically apply the *Lusardi* test as the method for determining whether

to certify a collective action under Section 216(b). *Pedigo v. 3003 South Lamar LLP*, 666 F. Supp. 693, 699 (W.D. Tex. 2009) ("District Courts within the Fifth Circuit, and District Courts within the Western District in particular, uniformly apply the *Lusardi* test.")   The Plaintiffs must show: (1)  there is a reasonable basis for crediting the assertions that aggrieved individuals exist; (2) that those aggrieved individuals are similarly situated to the Plaintiffs in relevant respects given the  claims and defenses asserted; and (3) that those individuals want to opt into the lawsuit.  The question is whether Plaintiffs' evidence satisfies their burden, even under the lenient *Lusardi* standard. Simply put, it does not.

10.     Though Plaintiffs' burden is light, it is not "invisible. " *Rappaport v. Embarq Mgmt. Co.*, 2007  WL 4482581, *4 (M.D. Fla., December 18, 2007).  The federal courts "have  [thus] routinely denied requests for conditional certification where plaintiffs attempt to certify a broad class based only on the conclusory allegations of a few employees." *Simpkins v. Pulte  Home Corp.,* 2008 WL 3927275, *2 and n.3 (M.D. Fla., August 21, 2008) (collecting cases); *Rappaport,* 2007 WL 4482581, *4-5 (rejecting certification of nationwide class based on  conclusory affidavits with no evidence of a company-wide policy of denying overtime  compensation, and citing ten other cases in fn. 3).

11.     To establish that there exists a group of "similarly situated" potential class members, a plaintiff must provide "substantial allegations that the putative class members were  together the victims of a single decision, policy or plan..." *Songer v. Dillon Resources,*

*Inc.,* 569 F. Supp.2d 703, 707 (N.D. Tex. 2008), quoting *H & R Block Ltd. v. Housden,* 186 F.R.D. 399, 400 (E.D. Tex. 1999), quoting *Mooney,* 54 F.3d at 1214 n.8; see also, *Palacios,* 2011 WL 6794438, *5, quoting *Grayson v. K-Mart Corp.,* 79 F.3d 1086, 1097 (11th Cir. 1996). Importantly, "it is not enough for Plaintiffs to show that *some* members of the proposed class *may* be similarly situated to them. Rather, Plaintiffs must offer some evidence that the proposed class, as a whole, is made up of individuals that *are* similarly situated to them." *Wilson v. Navika Capital Group, LLC,* 2011 WL 3020876, *3 (S.D. Tex., July 22, 2011) (Harmon, J.) (italics in original). Plaintiffs must also show sufficient evidence that all members of said class have not been exempted under the Motor Carrier Act exception.

12. Not only must the proof be more than conclusory, the Plaintiffs must submit more than cut-and-paste affidavits bearing different signatures. *Tussing v. Quality Resources, Inc.,* 2009 WL 4350253, *3 (M.D. Fla., November 25, 2009) (denying conditional certification where affidavits submitted were "not substantial and detailed enough" and were "largely the same affidavit signed by six different employees").

13. In *Songer,* 569 F. Supp.2d at 703, twenty-four plaintiffs claimed they had not been paid overtime. The plaintiffs submitted nine affidavits asserting that current or former employees had job duties similar to theirs and had also not been paid overtime. In denying conditional certification, the court observed that the plaintiffs' allegations - like those made here - could

"hardly be considered substantial. In support of their motion, plaintiffs have

6

> submitted affidavits from five of the named plaintiffs. The affidavits are <u>virtually identical, and contain primarily conclusory allegations unsupported by any factual assertions demonstrating the basis of the affiants' knowledge...</u> The affidavits contain nothing to establish that the plaintiffs have personal knowledge of those matters as they pertain to any other driver. Stated differently, while the affidavits may offer support for an individual employee's FLSA claim against the defendants, they are not evidence of a `widespread discriminatory plan"

*Songer,* 569 F. Supp.2d at 707 (emphasis added).

14. The Plaintiffs have not attached evidence of Rig Power's allegedly improper policies and procedures beyond these statements. They have not attached any written policy from Rig Power, similar to the "Alligator Grill Team Member Manual" considered by the Court in *Pedigo v. 3003 South Lamar LLP.* In *Pedigo,* the plaintiffs presented evidence of the defendant's plan to violate the FLSA by attaching the employee manual confirming the "tip pool" and the requirement that employees purchase shirts and aprons from the defendant. *Pedigo,* 666 F. Supp. 693, 699 (W.D. Tex. 2009). The plaintiffs in *Pedigo* also presented testimony from the defendant's owner and general manager that the tip pool was mandatory. *Id.* In addition, the plaintiffs presented evidence that the defendant's bookkeeper and owner testified that the defendant improperly underpaid overtime wages. *Id.* Here, the Plaintiffs present nothing more than their conclusory declarations. The Plaintiffs have presented no time cards, no pay stubs, and no other documents supporting their allegations beyond the declarations.

15. In *Khan v. Cougar Stop, Inc.,* 2011 WL 2777774, *2 (S.D. Tex., September 21, 2007), Magistrate Judge Stacy sustained an objection to the plaintiff's affidavit testimony

that, based upon discussions with co-workers, "other employees of defendants were, and are, not paid their overtime wages and minimum wage, despite the fact that they routinely work in excess of forty hours per week." The court found that this statement lacked personal knowledge, foundation, and was conclusory.

16.     The Plaintiffs ask the Court to grant conditional certification to a broad, vaguely defined group of persons:

> "All current and former field technicians of Rig Power from May 22, 2012 to the present."

17.     This group is loosely defined. This group could include any number of job descriptions not addressed in the complaint or declarations. The Plaintiffs here have failed to show the members of this class, as they have defined it, are similarly situated in terms of job requirements and payment practice. The Plaintiffs' failure to do so is similar to the Plaintiff's failure in *Morales v. Thang Hung Corp.*:

> A finding of similarly situated employees does not require a showing of identical duties and working conditions across the entire group. *Falcon v. Starbucks Corp.,* 580 F. Supp. 2d 528, 534 (S.D. Tex. 2008). However, it does require a minimal showing that all members of the class are similarly situated in terms of job requirements and payment practice. Morales has not shown that the Supermarket management members are similarly situated to the other employees of the Supermarket, and common practice would indicate that they are not. Accordingly, Moreno's proposed notice group includes employees who are not similarly situated.

*Morales v. Thang Hung Corp.,* 2009 U.S. Dist. LEXIS 71765, 2009 WL 2524601, at *9 (S.D. Tex. Aug. 14, 2009)

18.     The numbers who have filed a consent to join this overtime lawsuit since the

filing is not enough to justify certification.  The situation here is similar to the *Morales* case, in which the Court denied conditional certification:

> Morales states in his affidavit that he believes there are three other employees who would be interested in joining the suit. Dkt. 27. However, other than one consent filed with the court, there is no indication that these or any other individuals actually want to join the suit. There is one consent to join a collective action on file with the court. Dkt. 28. It was filed by Miguel Moreno (one of the three individuals named by Morales) and states that Mr. Moreno wishes to be a part of this action. *Id.* One affidavit is not enough to establish that the collective action, along with the expensive notice it requires, is the most efficient way to proceed with litigation. Morales needs to show more, and unless and until he does, the court will not certify the collective action.

*Morales,* U.S. Dist. LEXIS 71765 at *10-11.

19. In *De la Cruz,* the Court denied plaintiffs' motion to certify a collective action because the plaintiffs "failed to provide any evidence that others were similarly situated." *De la Cruz v. El Paso Cnty. Water Improvement Dist. No. 1, No.* EP-05-CV-206-FM, 2005 WL 2291015, at *2 (W.D. Tex. Sept. 19, 2005). The court recognized that while the burden is a "fairly lenient standard," the plaintiff must "make `substantial allegations that the putative class members were together the victims of a single decision, policy, or plan infected by discrimination." *Id.* (citation omitted). The plaintiffs in *De la Cruz,* like the Plaintiffs here, made unsupported assertions of violations and produced "[n]o affidavits that would provide evidence that others are similarly situated." *Id.* As a result, plaintiffs' conclusory statements fell short of a "modest factual showing." *Id.*

20. The Plaintiffs' request for certification suffers from the same fatal flaws set

forth herein. Their Motion therefore must be denied.

## CONCLUSION

21. Plaintiffs' motion should be denied, but if the Court were to permit some notice, the Court should sustain the Rig Power's objections asserted above, should limit the information as set out above, should change the time period to the time of any conditional certificate, should restrict counsel's use of e-mail and telephone numbers and direct contact with potential opt-ins, and should give the Rig Power thirty days to produce the names, addresses and phone numbers.

Respectfully submitted,

**LYNCH, CHAPPELL & ALSUP**
A Professional Corporation
300 North Marienfeld, Suite 700
Midland, Texas  79701
(432) 683-3351
(432) 683-2587  FAX


By:      */s/ Randall L. Rouse*
Randall L. Rouse
rrouse@lcalawfirm.com
State Bar No. 17324300
Lisa K. Hooper
State Bar No. 24047282
lhooper@lcalawfirm.com
**ATTORNEYS FOR RIG POWER, INC. AND M3P ENERGY, LLC**

## CERTIFICATE OF SERVICE

On this the 2nd day of November, 2015, I certify that a true and correct copy of the foregoing was served in accordance with Federal and Local Rules of Civil Procedure.

     */s/ Randall L. Rouse*
Randall L. Rouse