UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | |
|---|---|
| GARLAND MORGAN; ET AL.; § <br> Individually and On Behalf of § <br> All Others Similarly Situated, § <br>     Plaintiffs, § <br> § <br> vs. § <br> § <br> RIG POWER, INC.; ET AL., § <br>     Defendants. § | CIVIL ACTION NO. 7:15-cv-00073-DAE |

**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF THEIR MOTION FOR CONDITIONAL CERTIFICATION AND NOTICE TO POTENTIAL OPT-IN PLAINTIFFS**

Plaintiffs hereby file this reply brief in support of their Motion for Conditional Certification and Notice to Potential Opt-In Plaintiffs as follows:

**I.    Plaintiffs have easily satisfied the lenient *Lusardi* standard for conditional certification**

    **A.  Plaintiffs have established that other aggrieved individuals are similarly situated**

The detailed affidavits from the nine current and former Field Technicians easily satisfy the low burden for conditional certification utilized by district courts in the Fifth Circuit. Defendants claim that Plaintiffs' evidence in support of its Motion to Certify is "conclusory." However, the nine affidavits submitted by the Plaintiffs describe each affiant's: (1) job duties, (2) dates of employment, (3) field office where the affiant worked, and (4) how the affiant was paid. Plaintiffs' affidavits come from Field Technicians who worked in the San Angelo (MTC APP 004, 011, 013, 017, 021), Midland (MTC APP 006, 021), Wysox (MTC APP 008), and Seguin (MTC APP 015, 019) field offices. All affiants testified that they and other Field Technicians they worked with: (1) performed manual labor, (2) routinely worked more than 40 hours per

week, and (3) were paid a salary with a daily bonus for working above a set number of hours per day.[1] The fact that all of the affidavits here are similar in terms of the described job duties and method of payment does not render the affidavits "conclusory" - it shows that Field Technicians across the company, regardless of what field office they worked out of, are similarly situated because they performed similar job duties and were paid the same way, under a company-wide policy which denies Field Technicians overtime pay and instead pays them a salary and a daily bonus.  The evidence submitted by Plaintiffs here is similar to that in the *Mateos v. Select Energy Services, LLC* case, in which the plaintiffs submitted affidavits describing their job duties, the number of hours worked, and the fact that they were each paid a salary.[2]   Based upon this evidence, this Court granted the Plaintiffs' Motion for Conditional Certification.[3]

In their Response, Defendants had the opportunity to rebut the assertions in Plaintiffs' affidavits by submitting contravening evidence showing that Field Technicians at Rig Power had different job duties, were not paid as alleged by Plaintiffs, were not the subject of a company-wide payment policy, or otherwise were not similarly situated.  Defendants chose not to do so, submitting no evidence at all and merely arguing that Plaintiffs did not meet the low burden for conditional certification under *Lusardi*.   The silence from the Defendants on this issue is deafening - if there were notable differences among Rig Power's Field Technicians as to their job requirements and pay provisions, surely Defendants would have brought this to the Court's

---

[1] As explained in Plaintiff's Motion to Certify, the only potential difference among the Field Technicians is that some have said that they received the daily bonus for working more than ***eight*** hours per day, while others have said that they received the daily bonus for working more than ***twelve*** hours a day, but this small difference is not enough to preclude conditional certification.  This also shows that, unlike the affidavits in the *Songer* case cited by Defendants, the affidavits here are not "cut and paste" and are not conclusory.

[2] 977 F. Supp. 2d 640 (W.D. Tex. 2013).

[3] *Id*.

attention.  In sum, the nine affidavits submitted by Plaintiffs are more than sufficient to satisfy the low burden to show that the other potentially aggrieved individuals are similarly situated.

### B. Other collective action members will want to opt in

Plaintiffs have also shown that others will likely desire to opt in.  Since the filing of Plaintiffs' Motion to Certify, two more individuals have opted in,[4] bringing the total of original plaintiffs plus opt-in plaintiffs to eighteen.  Plaintiffs' affidavits also note that each field office had additional Field Technicians who performed the same job duties and were paid the same way.[5]  Defendants ignore the high volume of opt-ins in this case, as well as this Court's recognition that "the joinder of additional plaintiffs after the inception of the case is persuasive evidence that a putative class does exist."[6]  Instead, Defendants rely on the *Morales* case, where the Court denied certification after finding that *one* opt-in plaintiff did not warrant conditional certification.  There is simply no comparison here - the fact that 18 plaintiffs have joined this action is compelling evidence that others will join if the case is conditionally certified.

### II. Plaintiffs will agree to some of Defendants' proposed modifications to the notice

Defendants take issue with several aspects of Plaintiffs' proposed notice.  Plaintiffs will briefly address each of these objections in turn.

### A. The notice period

Plaintiffs agree with Defendants that the notice period should be three years from the date that the Court grants the motion for conditional certification.

### B. Contact information

---

[4] See Dkt. No. 21 (consent forms filed by Joshua DeLong and Jaime DeLong).

[5] *See, e.g.,* MTC APP 004, 006, 008.

[6] *Mateos*, 977 F. Supp. 2d at 644 (citing *Pedigo*, 666 F.Supp.2d at 698).

Defendants argue that they should not be required to turn over the e-mail addresses of the members of the collective class. While Plaintiffs believe this is proper because this case involves oilfield workers who frequently move and are difficult to track down, Plaintiffs will agree to an approach used by the Court in the *Garcia v. TWC Administration, LLC* case, in which the Court ruled as follows: "For those putative class members whose notices are returned as undeliverable, Plaintiffs may request the production of additional information to assist them in reaching those individuals."[7] As such, Plaintiffs will agree that Defendants may disclose the names, last known addresses and dates of employment for the proposed class members, as long as Plaintiffs are given the ability to request additional information (i.e. e-mail addresses and telephone numbers) from Defendants for any individuals whose notices are returned as undeliverable.

  **C.**  **Summary of Defendants' position**

Defendants argue that the notice should provide a more detailed statement as to their legal position in the case. Plaintiff does not object to the inclusion of this language in the notice.

  **D.**  **Where to mail the consent form/who to contact**

Defendants argue that the proposed notice improperly instructs the class members to mail the consent form back to Plaintiffs' counsel, when it should instead have them mail the notice directly to the Court. It would seem that it would be more burdensome on the clerk for the consent forms to be sent directly to the Court, but if that is the Court's preference, Plaintiffs do not oppose this procedure. Nor do Plaintiffs oppose Defendants' request that the notice contain a statement in the notice that "You may select a lawyer of your own choosing to represent you in

---

[7] No. SA:14-CV-985-DAE (W.D. Tex. April 16, 2015).

this matter, or you may contact the lawyers for the current plaintiffs in this case: [with Borsellino, P.C.'s contact information to follow].

### E. Time for Defendants to turn over class member contact information

Defendants also take issue with Plaintiffs' request that Defendants turn over putative class members' information within 7 days of the Court's order granting conditional certification. Defendants instead seek 30 days to turn over this information. This request is unreasonable. This Court has ordered a Defendant to turn over contact information for putative class members in an FLSA collective action within 10 days of its conditional certification order.[8] There is no need for Defendants to be given 30 days to provide this basic information to Plaintiffs' counsel.

### F. Release language

Defendants object to the portion of the notice stating that "You have the right to join this lawsuit even if you already signed documents given to you by Rig Power, Inc. or M3P Energy, LLC stating that you cannot sue Rig Power, Inc. or M3P Energy, LLC or recover unpaid overtime." Plaintiffs will agree to the removal of this language from the notice.

### PRAYER

Plaintiffs pray that the Court grant all relief requested by Plaintiffs in their Motion for Conditional Certification and Notice to Potential Opt-In Plaintiffs.

---

[8] *Garcia v. TWC Admin., LLC*, Civ. No. 14-CV-985-DAE (W.D. Tex. April 16, 2015).

Respectfully submitted,

/s/ Josh Borsellino
Josh Borsellino
State Bar No. 24045532
Borsellino, P.C.
1020 Macon St., Ste. 15
Fort Worth, Texas 76102
T: 817.908.9861
F: 817.394.2412
josh@dfwcounsel.com

**CERTIFICATE OF SERVICE**

I hereby certify that I served a copy of the foregoing on all counsel of record through the ECF filing system of the Western District of Texas on November 3rd, 2015.

/s/Josh Borsellino