UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | |
|---|---|
| GARLAND MORGAN; ET AL; Individually and On Behalf of All Others Similarly Situated, Plaintiffs, <br><br> vs. <br><br> RIG POWER INC.; ET AL., Defendants. | § § § § § § § § § § § Civil Action No. 7:15-cv-00073-DAE |

## DEFENDANTS' ORIGINAL ANSWER
## TO PLAINTIFFS' ORIGINAL COMPLAINT

Comes now Defendants Rig Power, Inc. ("Rig Power") and M3P Energy, Inc. ("M3P"), collectively referred to herein as "Defendants" and file this their Original Answer to Plaintiffs' Original Complaint and would respectfully show the Court as follows:

**I.**

1. Defendants deny that any of the Plaintiffs are currently or formerly worked as employees for M3P. Defendants admit that Plaintiffs currently or formerly worked as employees of Rig Power. Defendants admit the remaining statements in Paragraph 1 of Plaintiffs' Original Complaint.

2. Defendants deny that Plaintiffs and/or other similarly situated, if any, have any claim or right to relief under the Fair Labor Standards Act as alleged in the statements in Paragraph 2 of Plaintiffs' Original Complaint.

1

3. Defendants deny the statements in Paragraph 3 of Plaintiffs' Original Complaint.

4. Defendants deny the statements in Paragraph 4 of Plaintiffs' Original Complaint.

5. Defendants admit the statements in Paragraph 5 of Plaintiffs' Original Complaint.

6. Defendants admit the statements in Paragraph 6 of Plaintiffs' Original Complaint.

7. Defendants admit the statements in Paragraph 7 of Plaintiffs' Original Complaint.

8. Defendants admit the statements in Paragraph 8 of Plaintiffs' Original Complaint.

9. Defendants admit the statements in Paragraph 9 of Plaintiffs' Original Complaint.

10. Defendants admit the statements in Paragraph 10 of Plaintiffs' Original Complaint.

11. M3P denies that it has acted, directly or indirectly, as an employer or joint employer with respect to Plaintiffs and other similarly situated, if any. Defendants admit that Plaintiffs are currently or formerly worked as employees of Rig Power. Defendants deny the remaining statements in Paragraph 11 of Plaintiffs' Original Complaint.

12. Defendants admit the statements in Paragraph 12 of Plaintiffs' Original Complaint.

13. Defendants admit the statements in Paragraph 13 of Plaintiffs' Original Complaint.

14. Defendants deny that any of the Plaintiffs are currently or formerly worked as employees of M3P. Defendants admit that Plaintiffs currently or formerly worked as employees of Defendant Rig Power. Defendants admit the remaining statements in Paragraph 14 of Plaintiffs' Original Complaint.

15. Defendants admit that Rig Power provides rental equipment and personnel for companies in the oil and gas industry. Defendants admit that Rig Power hauls equipment to and from locations in Bradford County, Pennsylvania to locations in West Virginia, Texas, Ohio, Oklahoma and New Mexico. Defendants deny the remaining statements in Paragraph 15 of Plaintiffs' Original Complaint.

16. Defendants deny all of the statements in Paragraph 16 of Plaintiffs' Original Complaint.

17. Defendants deny all of the statements in Paragraph 17 of Plaintiffs' Original Complaint.

18. Defendants deny all of the statements in Paragraph 18 of Plaintiffs' Original Complaint.

19. Defendants admit the statements in Paragraph 19 of Plaintiffs' Original Complaint.

20. Defendants deny the statements in Paragraph 20 of Plaintiffs' Original Complaint.

21. Defendants deny the statements in Paragraph 21 of Plaintiffs' Original Complaint.

22. Defendants deny the statements in Paragraph 22 of Plaintiffs' Original Complaint.

23. Defendants deny the statements in Paragraph 23 of Plaintiffs' Original Complaint.

24. Defendants deny the statements in Paragraph 24 of Plaintiffs' Original Complaint.

25. Defendants deny the statements in Paragraph 25 of Plaintiffs' Original Complaint.

26. Defendants deny the statements in Paragraph 26 of Plaintiffs' Original Complaint.

27. Defendants deny the statements in Paragraph 27 of Plaintiffs' Original Complaint.

28. Defendants deny the statements in Paragraph 28 of Plaintiffs' Original Complaint.

29. Defendants deny the statements in Paragraph 29 of Plaintiffs' Original Complaint.

30. Defendants deny the statements in Paragraph 30 of Plaintiffs' Original Complaint.

31. Defendants admit the statements in Paragraph 31 of Plaintiffs' Original Complaint.

32. Defendants deny the statements in Paragraph 32 of Plaintiffs' Original Complaint.

33. Defendants deny the statements in Paragraph 33 of Plaintiffs' Original Complaint.

34. Defendants deny the statements in Paragraph 34 of Plaintiffs' Original Complaint.

35. Defendants deny the statements in Paragraph 35 of Plaintiffs' Original Complaint.

36. Defendants deny the statements in Paragraph 36 of Plaintiffs' Original Complaint.

37. Any statements or allegations that are not explicitly admitted to herein are denied.

# II.
# AFFIRMATIVE DEFENSES

1. The claims set forth in Plaintiffs' Original Complaint are barred, in whole or in part, for failure to state a claim upon which relief can be granted. Further, Plaintiffs are exempt from the overtime requirements of the FLSA under the Motor Carrier Act Exemption found in 29 U.S.C., §213(b).

2. Plaintiffs are not entitled to anything because Plaintiffs are exempt from the acts coverage. There are multiple exemptions to the act which are an absolute defense to Plaintiffs' case. Defendants alleged professional exemption, Plaintiffs' primary duties consisted of work requiring knowledge of an advanced type in a field of science or learning and Plaintiffs performed duties that required the consistent exercise of discretion and judgment. Additional, Defendants allege that Plaintiffs are exempted under other provisions such as the highly compensated employee exemption.

3. Defendants plead all applicable limitations periods, both as bars to the claims and requests for relief asserted in Plaintiff's Original Complaint and as limitations upon the evidence to be admitted or considered in connection with any proceedings in this case.

4. Defendants plead that Plaintiffs and/or those similarly situated, if any, are exempt employees under the FLSA's learned profession employee exemption as such employees received more than $455.00 per week in compensation, and the employee's primary duties required the performance of work requiring advanced knowledge in a field of science or learning customarily acquired by a prolonged course of specialized intellectual

instruction.

5. Defendants plead that those similarly situated, if any, are not similarly situated and there is not sufficient identifiable acts or legal nexus to justify the certification of a collective action in this cause.

6. Defendants deny liability to Plaintiffs. Alternatively, any alleged violations by M3P of the FLSA were not willful because any acts or omissions giving rise to this action were reasonable and not undertaken with reckless disregard as to whether such actions or omissions violated the FLSA.

7. Defendants deny liability to Plaintiffs. Alternatively, pursuant to 29 U.S.C. § 259 and other applicable law, Defendants are not liable under the FLSA because any acts or omissions giving rise to this action were undertaken in good faith and in reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices of the Administrator of the Wage and Hour Division of the United States Department of Labor. Additionally, pursuant to 29 U.S.C. § 260 and other applicable law, Defendants cannot be liable for liquidated damages because any acts or omissions giving rise to this action were undertaken in good faith and with reasonable grounds for believing that their actions were in compliance with the FLSA.

8. The claims set forth in Plaintiffs' Original Complaint are barred, in whole or in part, by the doctrine of payment because Defendants properly compensated Plaintiffs for all hours worked in accordance with the FLSA and other applicable law.

## PRAYER

WHEREFORE, premises considered, Rig Power, Inc. and M3P Energy, Inc. request the following relief:

a. That the Court deny Plaintiffs' claims;

b. That Plaintiffs take nothing by their suit against Defendants; and

c. That the Court award Defendants their attorneys' fees incurred and any other and further relief, at law or in equity, general or specific, to which they may be justly entitled.

Respectfully submitted,

**LYNCH, CHAPPELL & ALSUP**
A Professional Corporation
300 North Marienfeld, Suite 700
Midland, Texas 79701
(432) 683-3351
(432) 683-2587 FAX

By: */s/ Randall L. Rouse*
Randall L. Rouse
rrouse@lcalawfirm.com
State Bar No. 17324300
Lisa K. Hooper
State Bar No. 24047282
lhooper@lcalawfirm.com

**ATTORNEYS FOR RIG POWER, INC. AND M3P ENERGY, LLC**

## CERTIFICATE OF SERVICE

On this the 9th day of November, 2015, I certify that a true and correct copy of the foregoing was served in accordance with Federal and Local Rules of Civil Procedure.

                                                        */s/ Randall L. Rouse*
                                                        Randall L. Rouse