UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| GARLAND MORGAN, RUBEN | § | No. 7:15-CV-73-DAE |
| RAMIREZ, JORGE PINEDO, DAVID | § | |
| DURON, and ALFELIO MARTINEZ, | § | |
| on behalf of themselves and all others | § | |
| similarly situated, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | |
| | § | |
| RIG POWER, INC. and M3P | § | |
| ENERGY, LLC, | § | |
| | § | |
| Defendants. | § | |

ORDER CONDITIONALLY CERTIFYING A CLASS

Before the Court is a Motion for Conditional Certification and Notice to Potential Opt-In Plaintiffs filed by Garland Morgan, Ruben Ramirez, Jorge Pinedo, David Duron, and Alfelio Martinez, on behalf of themselves and all others similarly situated (collectively, "Plaintiffs") (Dkt. # 16.) Pursuant to Local Rule CV-7(h), the Court finds this matter suitable for disposition without a hearing. After careful consideration of the Motion and supporting memoranda, the Court, for the reasons that follow, **GRANTS IN PART AND DENIES IN PART** Plaintiffs' Motion for Conditional Certification and Notice to Potential Opt-In Plaintiffs.

1

BACKGROUND

Rig Power is a Texas corporation that provides rental equipment and services to companies in the oil and gas industry.  ("Compl.," Dkt. # 1 ¶¶ 6, 15.) M3P is Rig Power's parent company.  (Id. ¶ 11.)  Plaintiffs were employed by Rig Power and M3P (collectively, "Defendants") as field technicians to perform manual labor related to the transportation, operation, and maintenance of oilfield equipment.  (Id. ¶ 16.)

Plaintiffs allege that they routinely worked more than 40 hours per week and that Defendants failed to compensate them at the required overtime rate for such work.  (Id.)  Plaintiffs specifically allege that Rig Power paid a fixed amount for each day an employee worked more than eight hours, regardless of how many additional hours the employee worked on those days or how many adittional hours the employee worked in a given week.  (Id.)  Plaintiffs further allege that Rig Power subsequently stopped paying this "daily bonus" due to the downturn in the oil and gas industry, resulting in Plaintiffs being paid no compensation of any kind for hours worked above 40 in a given week.  (Id. ¶ 17.)  Plaintiffs further allege that similarly situated field technicians were also not paid overtime for hours worked in excess of 40 hours per week.  (Id. ¶¶ 21–22.)

Plaintiffs support these allegations with nine declarations signed by either current or former Rig Power field technicians.  (Dkt. # 16-1, Ex. A-I.)  In

each declaration, the declarants attest that they are currently or were at one time a field technician for Rig Power. ("Garland Decl.," Dkt. # 16-1, Ex. A ¶ 2; "Hernandez Decl.," Dkt. # 16-1, Ex. B ¶ 2; "Miller Decl.," Dkt. # 16-1, Ex. C ¶ 2; "Martinez Decl.," Dkt. # 16-1, Ex. D ¶ 2; "Barrera Decl.," Dkt. # 16-1, Ex. E ¶ 2; "Barrientos Decl.," Dkt. # 16-1, Ex. F ¶ 2; "Lovell Decl.," Dkt. # 16-1, Ex. G ¶ 2; "Varela Decl.," Dkt. # 16-1, Ex. H ¶ 2; "Hewitt Decl.," Dkt. # 16-1, Ex. I ¶ 2.) Each of the affiants describes field technician work as "manual labor related to the transportation, operation and maintenance of equipment used in the oilfields." (E.g., Morgan Decl. ¶ 2.)  More specifically, field technician duties included transporting Rig Power equipment on Ford F-250s, making service calls to and from a job site, purchasing items needed at the job site, retrieving items from Rig Power's relevant office, or purchasing fuel stored in the tanks of the bed of the F-250s.  (E.g., Martinez Decl. ¶ 2; Morgan Decl. ¶ 2.)

All nine affiants attest that Rig Power paid them a salary.  (Id. ¶ 5; E.g., Hernandez Decl. ¶ 2.)  Further, all nine declarants indicate that Rig Power did not pay them overtime compensation, but instead paid a "daily bonus."  (E.g., Miller Decl. ¶ 3.)  Three declarants state that Rig Power paid a "daily bonus" for each day worked in excess of eight hours (Dkt. # 16-1, Exs. A, D, E) and four declarants state that Rig Power paid the "daily bonus" for hours worked in excess of 12 hours.  (Dkt. # 16-1, Exs. F, G, H, I.)  One declarant stated Rig Power paid

him a "daily bonus," but could not recall if he received the payment for working in excess of eight or 12 hours. (Hernandez Decl., ¶ 2.) The ninth declarant simply stated that he received a "daily bonus" for working excess of 40 hours a week. (Miller Decl. ¶ 3.)

The purported class members also show that they worked as field technicians at a variety of Rig Power field offices: San Angelo, Texas (Morgan Decl. ¶ 6), Midland, Texas (Hernandez Decl. ¶ 3), Wysox, Pennslyvania (Miller Decl. ¶ 4), and Seguin, Texas (Barrientos Decl. ¶ 3.)

On May 22, 2015, Plaintiffs filed a Complaint in this Court on behalf of themselves and all others similarly situated alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq ("FLSA"). (Dkt. # 1.) Plaintiffs seek unpaid overtime wages, liquidated damages, costs, and attorneys' fees. (Id. at 9.)

Plaintiffs filed the Motion for Conditional Certification currently before the Court on August 28, 2015. ("Pls. Mot.," Dkt. # 16.) Defendants filed a Motion for Extension of Time to file a response to the Motion to Conditionally Certify a Class (Dkt. # 17) and the Court granted that motion on September 14, 2015. Subsequent to the Court issuing an order denying a motion to dismiss, Defendants filed a Response to the current motion on November 2, 2015. ("Defs. Resp.," Dkt. # 23.) The following day Plaintiffs filed their Reply. ("Reply," Dkt. # 24.)

LEGAL STANDARD

The FLSA requires employers to compensate an employee one and one-half times the regular rate for each hour worked in excess of forty hours a week.  29 U.S.C. § 2107(a)(1).   To enforce Section 207, the FLSA permits a district court to order a lawsuit to proceed as a collective action on behalf of others similarly situated.  29 U.S.C. § 216(b).  The statute provides:

> An action . . . may be maintained . . . by any one or more employees for and on behalf of himself or themselves and other employees similarly situated.  No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

Id.  Accordingly, the collective action mechanism under Section 216(b) is quite different from a traditional class action filed under Federal Rule of Civil Procedure 23(c).  Compare 29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed") with Fed. R. Civ. P.  23(c)(2)(B) (requiring that the notice sent to all class members include a statement "that the court will exclude from the class any member who requests exclusion").  Thus, whereas a Rule 23 class action requires a prospective plaintiff to "opt-out" to avoid being bound by the judgment, the FLSA requires prospective plaintiffs to "opt-in" to benefit from a judgment.  See Sandoz v. Cingular Wireless LLC, 553 F.3d 913, 915-16 (5th Cir. 2008).

5

The Fifth Circuit has not adopted a specific test to determine when a district court should certify a class or grant notice under Section 216(b). <u>See</u> <u>Acevedo v. Allsup's Convenience Stores, Inc.</u>, 600 F.3d 516, 518-19 (5th Cir. 2010) ("We have not ruled on how district courts should determine whether plaintiffs are sufficiently "similarly situated" to advance their claims together in a single § 216(b)").   Yet, one method commonly used to certify a class under the FLSA is a two-stage inquiry announced in <u>Lusardi v. Xerox</u>.  118 F.R.D. 351, 359 (D.N.J. 1987).  Most district courts in the Fifth Circuit, including this Court, have generally adopted the <u>Lusardi</u> approach.  <u>See</u> <u>Lay v. Gold's Gym Intern., Inc.</u>, No. 5:12-CV-754, 2013 WL 5595956, at * 3 (W.D. Tex. Oct. 4, 2013); <u>Heeg v. Adams</u> <u>Harris, Inc.</u>, 907 F.Supp.2d 856, 860-61 (S.D. Tex. 2012); <u>Pedigo v. 3003 S.</u> <u>Lamar, LLP</u>, 666 F.Supp.2d 693, 697 (W.D. Tex. 2009).

The two stages of the <u>Lusardi</u> method are the "notice stage" and the "decertification stage."  <u>Mooney v. Aramco Servs. Co.</u>, 54 F.3d 1207, 1213 (5th Cir. 1995) (overruled on other grounds by <u>Desert Palace, Inc. v. Costa</u>, 539 U.S. 90 (2003)).  At the notice stage, the district court determines, based only on the pleadings and any affidavits, whether notice of the lawsuit should be given to putative class members.  <u>Mooney</u>, 54 F.3d at 1213-14.  This determination is made using a "fairly lenient standard" because the court has only minimal evidence before it.  <u>Id.</u>  However, the plaintiff bears the burden of making the preliminary

6

factual showing that a similarly situated group of potential plaintiffs exists.  The
potential class members must be similarly situated in terms of job requirements
and in terms of payment provisions.  Pedigo, 666 F. Supp. 2d at 698 (citing Ryan
v. Staff Care, Inc., 497 F. Supp. 2d 820, 824-25 (N.D. Tex. 2007)).  However, the
court does not need to find uniformity in every single aspect of employment to
determine that a prospective class of employees is similarly situated.  Pedgio, 666
F. Supp. 2d at 698.  One way to show that prospective class members are similarly
situated is with substantial allegations that they "were together the victims of a
single decision, policy, or plan."  Mooney, 54 F.3d at 1214, n. 8.  Upon finding
that the employees are similarly situated, the district may conditionally certify the
class and the action proceeds as a class action into discovery.  Mooney, 54 F.3d at
1214.

        The second stage of Lusardi occurs at the conclusion of discovery.  At
this stage, the defendant may move to "decertify" the conditionally certified class.
Mooney, 54 F.3d at 1214.  The Court again determines whether the claimants are
similarly situated, but with the benefit of more facts in the record.  Id.  If the facts
support a finding that the plaintiffs are similarly situated, then the matter proceeds
to trial.  Id.  If not, the dis-similar parties are dismissed without prejudice.  Id.

DISCUSSION

The Plaintiffs seek to conditionally certify a collective action consisting of employees designated as field technicians. (Pls. Mot. at 5.) Accordingly, the Court need only address the first stage of the Lusardi test.

The Court finds that Plaintiffs have made a *prima facie* showing on their motion for conditional certification and have carried their burden beyond the lenient standard required at the first Lusardi stage. Having reviewed the pleadings and supporting declarations, the Court finds that the Plaintiffs substantially allege that the putative class members "were together the victims of a single decision, policy, or plan" and are similarly situated. Mooney, 54 F.3d at 1214.

I. Conditional Certification

A. Single Decision or Policy

Plaintiffs have provided "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." Songer v. Dillon Resources, Inc., 569 F. Supp. 2d 703, 707 (N.D. Tex. 2008) (internal citations omitted). The Plaintiffs present nine declarations from former and current Rig Power field technicians who worked at four separate regional offices. (Dkt. # 16-1, Exs. A-I.) Each declarant states that Rig Power paid him a "daily bonus" for working in excess of eight or twelve hours. (Id.) If the allegation of an unlawful compensation scheme existed at only a single regional

8

office, the Court might find such an allegation insufficiently substantial to allege a corporate policy of wrongdoing necessary to overcome the lenient standard at this stage.  However, here, nine declarants from four regional offices, stretching from Texas to Pennsylvania, describe with specificity and personal knowledge a compensation plan common to all four regional offices.  The Court finds that similarity of compensation schemes, as supported by nine declarations, across the country is a substantial allegation that field technicians were victims of a Rig Power decision or policy that potentially affects a nationwide putative class.

The Defendants argue that Plaintiffs' failure to attach any written Rig Power policy means that they have failed to carry their burden of proving class members were victims of a single policy or decision.  (Defs. Resp. at 7.)  While submitting a written policy is one method of establishing that a putative class was a victim, it is not necessary.  Cf. Gold's Gym, 2013 WL5595956, at * 4 (noting that a common or uniform practice is sufficient for conditional certification even where a written policy prohibits the common practice).  Nine declarations from field technicians at four regional offices indicate to the Court that it was Rig Powers' "common and uniform practice" to compensate its employees with a "daily bonus" instead of through the FLSA's overtime compensation requirements.

Defendants also argue that the declarations contain conclusory allegations unsupported by factual assertions.  (Defs. Mot. at 6−7; citing Songer,

569 F. Supp. 2d at 707.)  In <u>Songer</u>, the court denied conditional certification

because the plaintiffs submitted five affidavits that made conclusory allegations

without factual assertions such as "[a]ll drivers . . . are working overtime" and "at

no time has the company ever [paid overtime]."  <u>Id</u>.  Here, the Plaintiffs'

declarations are not conclusory; unlike the affidavits in <u>Songer</u>, the declarants do

not make assertions based in generalities.  Instead, the Plaintiffs' declarants state

facts based on personal knowledge .  For example, Luis Barrientos declared:

> While working as a field technician for Rig Power, I was paid a
> salary, and I was required to report at the end of each pay period how
> many days I had worked more than twelve hours.  For each such day,
> Rig Power paid me what it called a "daily bonus," which I understood
> to be a set amount for each day I worked more than twelve hours in a
> given day.

(Barrientos Decl. ¶ 2.)

Accordingly, the Court finds that Plaintiffs have made

sufficiently substantial allegations that field technicians employed by Rig

Power were victims of a single decision or policy—namely a policy to pay

employees a "daily bonus" in lieu of proper overtime compensation—to

warrant conditional certification.

B. <u>Similar Jobs and Terms of Pay</u>

The Plaintiffs substantially allege that the prospective class members

have the same job requirements and terms of pay.  The Court finds that each of

these declarations substantially describes the roles and responsibilities of Rig

Power field technicians in a way that indicates personal knowledge.  (See

Dkt. # 16-1, Exs. A-I.)  The declarations describe the work of a field technician as

manual labor in relation to the transportation, operation, and maintenance of Rig

Power equipment.  (Id.)  All declarations also substantially define the terms of

payment for field technicians.  Each declarant states that Rig Power paid him a

salary.  (E.g., Varela Decl., ¶ 2.)  Further, each declarant states that as a field

technician, Rig Power paid a "daily bonus" for hours worked in excess of eight or

twelve hours.  (E.g., Barrera Decl. ¶ 2; Hewitt Decl. ¶ 2.)  Accordingly, the Court

finds that Plaintiffs have carried their burden of making substantial allegations that

field technicians at Rig Power are similarly situated in terms of job requirements

and terms of compensation.

### C. Allegations that Others are Similarly Situated

Plaintiffs substantially allege that other field technicians are similarly

situated.  All nine declarants assert, relying on their employment experience at Rig

Power, that other field technicians received overtime compensation through the

"daily bonus" scheme.  (E.g., Morgan Decl. ¶ 6.)  Further, the declarants state that

other field technicians had similar job duties and routinely worked over forty hours

a week.  (Dkt. 16-1, Exs. A-I.)  The Court finds that these declarations

substantially support an allegation that a putative class of similarly situated field

technicians exists.

11

Accordingly, the Court finds that the Plaintiffs have met their lenient burden of substantially alleging that a similarly situated class exists to warrant a conditional certification. The Court conditionally certifies a class defined as "All field technicians employed by Rig Power within three years of the date of this order."

II.    Requested Contact Information

Plaintiffs request that Defendants produce names, last known addresses, last known residential and cell phone numbers, email addresses, last four digits of employee Social Security Number, and dates worked for the conditional class.  (Pls. Mot. at 8.)  Defendants object to the production of email addresses.  (Defs. Resp. at 2.)  Plaintiffs contend that email addresses are necessary due to the transient nature of oilfield workers.  (Reply at 4.)

The Court finds that the extensive nature of the disclosures requested by Plaintiffs is inappropriate at this stage of the matter.  The production of Social Security numbers at this early stage invades too closely the privacy and security of the prospective class members.  See Garcia v. TWC Admin., LLC, No. 14-CV-985, 2015 WL 1737932, at * 4 (W.D. Tex. Apr. 16, 2015); Humphries v. Stream Int'l, Inc., No. 3:03-CV-1682-D, 2004 U.S. Dist. LEXIS 20465, at * 12 (N.D. Tex. Feb 13, 2004) (declining to require production of social security numbers and telephone numbers because the privacy interests outweigh the need for the

disclosure). The production of email addresses is also unnecessary at this early stage of litigation.  See <u>TWC Admin.</u>, 2015 WL 1737932 at *4.  However, due to the fact that oil workers frequently move, Plaintiffs may request the production of additional information to assist them in reaching those class members whose mailed notices come back undeliverable.  See <u>Heeg</u>, 907 F. Supp. 2d at 865−66 (noting that plaintiffs' counsel could request additional information for putative class members whose notices were returned undeliverable).  Accordingly, the Court orders that Defendants produce the names, last known addresses, and dates of employment of all field technicians who Rig Power employed within three years of this order.

III.   <u>Notices</u>

        Having concluded that conditional certification of a class is appropriate, the next consideration is whether Plaintiffs' proposed notice is proper. Defendants object to Plaintiffs' proposed notice on the following bases: (1) Plaintiffs requested time period of employment to which the prospective class covers; (2) Plaintiffs proposed notice does not adequately explain that Defendants dispute the allegations; and (3) Plaintiffs' proposed notice requests prospective class members to mail the consent form back to Plaintiffs' counsel (Defs. Resp. at 1-4.)  The Plaintiffs agree with Defendants' first two objections.

A. <u>Time Period</u>

Even though the parties agree on the relevant time period for the conditionally certified class, the Court wants to be clear.  The statute of limitations for a cause of action arising out of the willful violation of the FLSA is three years. 29 U.S.C. § 255(a).  This Court has already ruled not to toll the limitations period. (Dkt. # 20.)  The limitations period is not tolled as to individual claimants until the claimant files a written opt-in consent form with the court.  29 U.S.C. § 256 (b). Therefore, the limitations period in this case will confine the class certification to field technicians who worked at Rig Power within three years of the date of this order.

B. <u>Defendants' Requested Notice Language</u>

Defendants request that the Notice include the following language:

> The Defendant disputes the Plaintiffs' contentions and asserts that all field technicians were properly and fairly paid in accordance with the Motor Carrier Act and/or FLSA or other applicable law and that the allegations in the lawsuit are without merit.

(Defs. Resp. at 3.)  Plaintiffs do not object to the insertions of this language. Accordingly, the Court finds that the Notice should include this language.

C. <u>Disputed Language on the Consent Form and Filing</u>

Plaintiffs request that "any potential plaintiff who wishes to join this action must return a consent form to Plaintiff's counsel (who shall file the notice with the Court) within seventy five (75) days from the date of an order granting

this Motion." (Pls. Mot. at 8−9.) Defendants object and propose a revision that "notices should be sent to the Court and/or that they may contact an attorney of their own choosing to discuss the case and not direct members to contact the Plaintiffs' counsel." (Defs. Resp.) Plaintiffs do not oppose the language informing putative class members that they "may select a lawyer of [their] own choosing to represent you in this matter, or you may contact the lawyers for the current plaintiffs in this case." (Reply at 4-5.)

The Court agrees that the notice must inform potential class members that they may contact any attorney of their choosing to discuss the case or may contact the current Plaintiffs' counsel. See Tolentino v. C&J Spec-Rent Servs. Inc., 716 F.Supp.2d 642, 655 (S.D. Tex. 2010) ("[T]he notice must inform potential class Plaintiffs that they may contact any attorney of their choosing to discuss the case.") Additionally, class members wishing to opt-in must return their Consent forms directly to the Court by filing them with the Clerk of Court. See id. Obviously, any class members retaining counsel may have their attorney file the Consent form, but the Notice may not *require* class members send opt-in forms to the counsel on record first.

Accordingly, since both parties fundamentally agree on the language of the Notice, the Court orders that the parties meet and confer and file a proposed

Notice and Consent form to the Court within seven (7) days of this Order.  The Notice and Consent form must comply with the directives in this Order.

CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART and DENIES IN PART** the Plaintiffs' Motion for Conditional Certification and Notice to Potential Opt-In Plaintiffs.

**IT IS ORDERED** that Plaintiffs' Motion for Conditional Certification (Dkt. # 16) is **GRANTED**. The conditional class is defined as follows: "Field Technicians who have worked for Rig Power within three years of the date of this Order."

**IT IS FURTHER ORDERED** that the parties shall meet and confer regarding the Notice to the Class and Consent form, and shall file with the court a proposed Agreed Notice to the Class and Consent form for the Court's approval **within seven (7) days** of this Order.  The language in the Notice and Consent form must comply with this Court's findings in this Order.

**IT IS FURTHER ORDERED** that the Defendants produce, in a useable electronic format, the names, last known addresses, and dates of employment of all putative class members **within fourteen (14) days** of this order.  Plaintiffs are free to move this Court to issue an order for more contact information if necessary.

**DATED:** December, 10, 2015

DAVID ALAN EZRA
UNITED STATES DISTRICT JUDGE

16