UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | |
|---|---|
| GARLAND MORGAN; ET AL.; § <br> Individually and On Behalf of § <br> All Others Similarly Situated, § <br>     Plaintiffs, § <br> vs. § <br> RIG POWER, INC. and § <br> MICHAEL MAYER § <br>     Defendants. § | CIVIL ACTION NO. 7:15-cv-00073-DC |

**JOINT MOTION TO APPROVE CONFIDENTIAL SETTLEMENT
AND STIPULATION OF DISMISSAL WITH PREJUDICE**

The Parties file this joint motion to approve their confidential settlement agreement (the "Agreement") and to dismiss this case with prejudice.

**I.  FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiffs Garland Morgan, Ruben Ramirez, Jorge Pinedo, David Duron and Alfelio Martinez filed this collective action under the FLSA against Defendants Rig Power, Inc. and M3P Energy, LLC on May 22, 2015. Plaintiffs allege that while employed as field technicians for Rig Power they regularly worked more than 40 hours a week, but instead of being paid overtime rates they were paid a fixed salary and a small "daily bonus" (usually around $34) for each day they worked more than a certain number of hours per day.

Defendants filed a Motion to Dismiss under Rule 12 on July 23, 2015. On August 28, 2015, Plaintiffs filed a Motion for Conditional Certification. On October 27, 2015, the Court denied the Defendants' Motion to Dismiss, and on December 10, 2015 the Court conditionally certified the case as a collective action under Section 216 of the FLSA. The conditional class certified by the Court was defined as follows: "Field Technicians who have worked for Rig

Power within three years of the date of this Order." In late 2015, the agreed notice and consent forms were sent to the members of the proposed class, and during the pendency of the case forty claimants opted in to the suit, bringing the total number of plaintiffs to forty-five. The parties have conducted written discovery, with the defendants producing more than seven thousand pages of documents, mostly consisting of detailed wage and hour records of the claimants who joined this suit. The parties have also taken depositions, with Defendants deposing original plaintiffs Alfelio Martinez and Garland Morgan, and Plaintiff deposing Defendants' HR Representative Virginia Montanez, Rig Power President Michael Mayer, Rig Power Manager Andy Salinas, and a corporate representative of Rig Power. All deadlines, except the pretrial filing deadlines, have expired.

After the expiration of the discovery deadline, in October of 2016, the parties each filed competing motions for summary judgment. On September 1, 2017, Judge Ezra issued an opinion ruling on the parties' respective motions for summary judgment. *See* Dkt. No. 84. The Court concluded that Defendant Michael Mayer, the President and owner of Rig Power, was an employer of the workers as a matter of law, and thus is individually liable for the FLSA violations of Rig Power. The Court further found that the workers were "covered employees" under the statute and thus were not subject to the Motor Carrier Act exemption and therefore were entitled to overtime pay, denying the Defendants' summary judgment motion on the Motor Carrier Act exemption and granting the workers' summary judgment motion on this issue. Lastly, the Court held that fact issues precluded entry of summary judgment on the issues of willfulness and good faith, denying Defendants' motion on these issues.

Throughout the case, the parties have engaged in settlement discussions, with Plaintiff making numerous settlement demands and including spreadsheets with detailed damage calculations upon which those settlement demands were based. On January 29, 2018, the parties and their counsel attended an all-day mediation with experienced mediator Kight Higgins in Fort Worth, which concluded without a settlement being reached. However, the mediation was beneficial for both sides, and the parties continued settlement discussions in the months after the mediation and in April were able to reach a settlement. The terms of the settlement are confidential. All five original plaintiffs have approved the settlement and have signed the Settlement Agreement and their respective releases. Similarly, Defendants have approved and signed the Settlement Agreement. Concurrently with the filing of this Motion, pursuant to Local Rule CV-5.2, the Parties are also filing a Motion for Leave to File Sealed Document, with the Parties' Confidential Settlement Agreement,[1] as well as an affidavit from Plaintiffs' counsel and a spreadsheet itemizing the tasks performed by Plaintiffs' counsel are filed as exhibits under seal for in camera review by the Court. Because the proposed settlement agreed to by the Parties is a fair and equitable compromise of a bona fide dispute of claims under the FLSA, Defendants and Plaintiffs request that the Court approve the Settlement, approve the notice to be sent to the opt-in claimants, and enter a final judgment dismissing the case, in its entirety, with prejudice. An Agreed Order and Final Judgment, approved by the Parties, is submitted with this Motion.

## II. ARGUMENT AND AUTHORITY

"FLSA claims may be compromised after the court reviews and approves a settlement in a private action for back wages under 29 U.S.C. § 216(b)." *Villeda v. Landry's Rests., Inc.*, No.

---

[1] The proposed notice and releases to be signed by the opt-in claimants are included as exhibits to the Settlement Agreement.

H–08–2287, 2009 WL 3233405, at *1 (S.D. Tex. Oct. 7, 2009). "If the settlement reflects 'a reasonable compromise over issues,' the court may approve it." *Villeda*, 2009 WL 3233405, at *1 (*quoting Lynn's Food Stores*, 679 F.2d at 1354). When a court scrutinizes an FLSA settlement agreement, it must determine that the compromise is a fair and reasonable resolution of a bona fide dispute over the FLSA's provisions. *See Lynn's Food Stores*, 679 F.2d at 1355.

**1.     A bona fide dispute exists between the Parties.**

In this case, the Parties dispute, *inter alia*, whether Plaintiffs were entitled to certain overtime pay; the amount of overtime pay due, if any; whether Plaintiffs were subject to the Motor Carrier Act exemption to the FLSA; and whether the Defendants' alleged violations of the FLSA were willful and/or whether Defendants would prevail on their good faith defense.

Plaintiffs recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the above-styled case through trial and through appeals. Plaintiffs and Plaintiffs' counsel also have taken into account the uncertain outcome and the risk of any litigation, as well as the difficulties and delays inherent in such litigation. Plaintiffs and Plaintiffs' counsel are mindful of the inherent problems of proof in establishing their asserted claims. Defendants also conclude that further conduct of the above-styled case would be time consuming and expensive and have taken into account the uncertainty and risks inherent in any litigation, and that it is desirable and beneficial that Plaintiffs' claims be fully and finally settled in the manner and upon the terms and conditions set forth in the Settlement.

**2.     The Settlement Agreement is fair and reasonable**

The Parties agree that the terms of the Settlement are fair and equitable and were negotiated at arm's-length with all Parties being fairly and fully represented by counsel of their

choosing. The Settlement amount takes into account the number of overtime hours claimed by Plaintiffs and the amount of unpaid overtime to which Plaintiffs allege they are entitled. Each of the five named Plaintiffs agreed to the terms of the Settlement after having the opportunity to speak with Plaintiffs' counsel, ask questions and review calculations and analyses.

In determining whether the settlement is fair and reasonable, the Court should note that "there is a 'strong presumption in favor of finding a settlement fair.'" *Domingue v. Sun Elec. & Instrumentation, Inc.*, 2010 WL 1688793, at *1 (M.D. La. 2010) (*citing Camp v. Progressive Corp.*, 2004 WL 2149079, at *5 (E.D. La. 2004)). Also, the fact "that th[e] settlement is the negotiated result of an adversarial proceeding is an indication of its fairness." *Id*.

The settlement here was negotiated by attorneys on both sides who have been vigorously prosecuting and/or defending similar claims for many years. Counsel for both Plaintiff and Defendants have considerable experience in prosecuting, defending, and settling federal and state wage and hour claims.  The mediator involved in this case, Kight Higgins, is experienced in mediating complex matters including FLSA cases.

3. **The attorney's fees and service fees fall well within the range commonly approved by Courts in the Fifth Circuit.**

Plaintiffs' award of attorney's fees and costs under the Parties' Settlement Agreement is consistent with awards approved in other class action cases. *In re Warner Communications Sec. Litig.*, 618 F. Supp. 735, 749 (S.D.N.Y. 1985) ("Traditionally, courts in this Circuit and elsewhere have awarded fees in the 20%-50% range in class actions.") (citing numerous cases), aff'd, 798 F. 2d 35 (2d Cir. 1986); *In re Combustion, Inc.*, 968 F. Supp. 1116, 1156 (W.D. La. 1997) (approving fee of 36% of $127 million settlement); *In re Bayou Sorrel Class Action*, No.

6:04CV1101, 2006 WL 3230771, *1 (W.D. La., October 31, 2006)(awarding 36% of the common fund for attorneys' fees, 7% of the common fund for litigation costs, and 7% of the common fund for class action costs, for a total fee and expense award of 50% of the common fund); *Lucken Family Ltd. Partnership, LLLP v. Ultra Resources, Inc.*, Case No. 09-cv-01543-REB-KMT, 2010 WL 5387559, at *5-6 (D. Colo. Dec. 22, 2010) ("The customary fee awarded to class counsel in a common fund settlement is approximately one third of the total economic benefit bestowed on the class."); *Cimarron Pipeline Construction, Inc. v. National Council on Compensation*, Case Nos. CIV 89-822-T, CIV 89-1186-T, 1993 WL 355466, at *2 (W.D.Okla. June 8, 1993) (noting that "[f]ees in the range of 30-40% of any amount recovered are common in complex and other cases taken on a contingent fee basis...").

Moreover, Plaintiffs' counsel, working on a contingency fee basis on this case that is more than three years old, expended a considerable amount of time and labor on the case, including responding to a motion to dismiss, filing an opposed motion to conditionally certify this case, and filing two motions for partial summary judgment and responding to a lengthy summary judgment motion filed by Defendants.  As demonstrated by the declaration from Josh Borsellino, attached as Exhibit B to the Motion to Seal that is being filed concurrently herewith, the ultimate fee award represents significantly less than what Plaintiffs' counsel would be entitled to using a Lodestar rate of $400 per hour, which has been approved as a reasonable rate in this District and are regularly approved in this Circuit in FLSA cases.  *See, e.g., Meesook v. Grey Canyon Family Med., PA*, 2014 WL 5040133, at *3-*4 (W.D. Tex. Oct. 8, 2014) (finding that a $400 hourly rate was reasonable); *Roussel v. Brinker Intern., Inc.*, 2010 WL 1881898, at *3 (S.D. Tex. 2010), aff'd, 441 F. App'x 222, 234 (5th Cir. 2011) (finding rates of up to $500 per

hour to be reasonable). The declaration from Josh Borsellino and the accompanying spreadsheet itemizing the tasks performed in this case (which are attached as Exhibit B to the motion to seal) demonstrates the considerable work required by this case and the fairness of the requested fees. In light of the experience listed, the asserted community rates, and the rates upheld by other courts within the Fifth Circuit, the fees of Mr. Borsellino are reasonable. More importantly, counsel achieved positive results for Plaintiffs, obtaining meaningful relief after the Department of Labor had previously found the workers to be exempt under the Motor Carrier Act and sparing them from the possible loss of funds that could have come with further litigation and trial on the merits.

Finally, the requested fee is particularly warranted in this case because, as explained by the parties in their summary judgment briefing, the Department of Labor had previously audited Rig Power and found the field technicians to be exempt under the Motor Carrier Act. This finding from the DOL might have indicated that the liability issue was already decided and caused some attorneys who would have screened this case to decline it, but Class Counsel believed that the Plaintiffs had a solid legal basis for pursuing their claims, and Judge Ezra ultimately agreed with Plaintiffs' position regarding the inapplicability of the Motor Carrier Act. The fact that Class Counsel took a facially undesirable case and litigated it through summary judgment and obtained a favorable summary judgment ruling and settlement weighs in favor of approving the requested award.

Likewise, the service fees to the named Plaintiffs in the Settlement Agreement is significantly lower than service awards that have been approved in other cases. *See In re Stern Overtime Litig.*, No. 07cv118 BTM, 2009 WL 3272872, at *4 (S.D.Cal. Oct. 9, 2009) (approving

a service award of $15,000 per class representative); *Purdie v. Ace Cash Express, Inc.*, No. 301CV1754L, 2003 WL 22976611, at *7 (N.D.Tex. Dec. 11, 2003) (approving a service award of $16,655 for the named plaintiffs). Given that this service award is just over 2.3% of the total settlement fund, it is well within the range of service awards recently approved in other courts. *See, e.g., Johnson v. Brennan*, 10 Civ. 4712 (CM), 2011 WL 4357376 at *2, 21 (S.D.N.Y. Sept. 16, 2011) (awarding incentive payments totaling 9.1% of $440,000.00 FLSA settlement); *deMunecas v. Bold Food*, LLC, 09 Civ. 0440 (DAB), 2010 WL 3322580 at *1, *11 (S.D.N.Y. Aug. 23, 2010)(awarding incentive payments totaling 3.1% of $800,000.00 FLSA settlement). As such, the attorney's fees and costs as well as the service awards to the named Plaintiffs are fair and reasonable.

### III. CONCLUSION

For those reasons, the Parties hereby request that the Court (1) approve this settlement, including all of the terms set forth in the Confidential Settlement Agreement and Release; and (2) dismiss this lawsuit and the claims of Plaintiff and all Putative Class Members with prejudice.

Respectfully submitted,

By: /s/ Josh Borsellino
BORSELLINO, P. C.
1020 MACON ST., SUITE 15
FORT WORTH, TEXAS 76102
State Bar No24045532
817-908-9861 – Telephone
817-394-2412 – Facsimile
josh@dfwcounsel.com

**ATTORNEY FOR PLAINTIFFS**

**AND**

LYNCH, CHAPPELL & ALSUP, P.C.
The Summit, Suite 700
300 North Marienfeld
Midland, Texas 79701
Telephone: 432/683-3351
Fax: 432/683-2587

By: /s/ Lisa Hooper
Randall L. Rouse
State Bar No. 17324300
rrouse@lcalawfirm.com
Lisa K. Hooper
State Bar No. 24047282
lhooper@lcalawfirm.com

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the foregoing on all counsel of record through the ECF filing system of the Western District of Texas on May 25, 2018.

/s/Josh Borsellino